UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES HENRY REEDY,<br><br>    Defendant. | NO: 1:14-CR-2036-TOR-1<br><br>ORDER DENYING MOTION TO VACATE |

BEFORE THE COURT is Defendant's Motion to Vacate in Light of *Johnson v. United States*, 135 S.Ct. 2551 (2015) (ECF No. 55). This matter was submitted for consideration without oral argument. The Court—having reviewed the motion, the record, and files therein—is fully informed.

Defendant seeks resentencing based on the reasoning of *Johnson* contending that his sentence was based on an unconstitutional definition of the term "crime of violence" used in the United States Sentencing Guidelines. He argues that the definition set forth in U.S.S.G. § 4B1.2(a)(2) (repealed Aug. 2016) is void for vagueness, because *Johnson* held the identically worded residual clause in the

ORDER DENYING MOTION TO VACATE ~ 1

Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), was void as well. The Supreme Court of the United States has now ruled otherwise. *Beckles v. United States*, ___U.S.___, 2017 WL 855781 (2017) ("the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause").

On March 6, 2017, Defendant requested the Court defer ruling for a fourteen day period to allow consultation with counsel and submission of a filing with the Court. Fourteen days has now lapsed.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant's Motion to Vacate in Light of *Johnson v. United States*, 135 S.Ct. 2551 (2015) (ECF No. 55) is **DENIED**.

2. The District Court Executive is directed to enter this Order, provide copies to the parties, and **CLOSE** the corresponding civil file (1:16-CV-3093-TOR).

**DATED** March 21, 2017.

THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTION TO VACATE ~ 2